Anthony P. Savarese, S.
In this accounting proceeding, petitioner seeks advice and direction as to the payment of a legacy to an organization described by testatrix as, “ New York Anti-Vivisection Society, a corporation. ’ ’ An organization bear *254 ing that name existed in the State of New York but was dissolved some 18 years prior to the execution of decedent’s will. In the accounting which followed that dissolution, the assets were distributed to certain anti-vivisection organizations outside this State pursuant to an order of the Supreme Court, dated February 10,1958. These foreign organizations have been cited herein but have not appeared.
An answer has been filed by the Vivisection Investigation League, Anti-Vivisection Society of New York, Inc., alleging that it has been continuously engaged in anti-vivisection work in the State of New York since 1911; and that it has been the only substantial organization so engaged since the dissolution of the New York Anti-Vivisection Society in 1937. The answer further alleges that respondent is variously referred to as ££ New York Anti-Vivisection Society” and £ £ Anti-Vivisection Society of New York ” as well as its true name.
Respondent urges that it was the intended beneficiary of the bequest here in question, or, in the alternative, that the court exercise its cy pres powers to direct payment of the legacy to it rather than to the nonappearing successors of the now defunct organization named in the will.
Inasmuch as it appears probable that testatrix intended to benefit the existing organization rather than one known to those interested to have been defunct for some 18 years; and since, in any event, the respondent would be a proper recipient of the legacy in the discretion of the court pursuant to its cy pres powers, the petitioner is directed to pay the legacy to respondent, Vivisection Investigation League, Anti-Vivisection Society of New York, Inc.
Account settled. Submit decree on notice.